```
                         United States Bankruptcy Court
                         Eastern District of Pennsylvania
```

In re:                                                              Case No. 18-18000-amc
Renard A. Harris                                                    Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

```
District/off: 0313-4          User: Randi                 Page 1 of 1                  Date Rcvd: Sep 11, 2019
                              Form ID: pdf900             Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 13, 2019.
db             +Renard A. Harris,   57 Rosewood Lane,   Marietta, PA 17547-9700

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                   TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 13, 2019                                    Signature:  /s/Joseph Speetjens 

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 11, 2019 at the address(es) listed below:
              JOHN A. DIGIAMBERARDINO    on behalf of Debtor Renard A. Harris jad@cdllawoffice.com,
               dmk@cdllawoffice.com
              REBECCA ANN SOLARZ    on behalf of Creditor    DITECH FINANCIAL LLC bkgroup@kmllawgroup.com
              ROLANDO RAMOS-CARDONA    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13)
               ecfmail@readingch13.com, ecf_frpa@trustee13.com
              SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com, ecf_frpa@trustee13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM MILLER*R    on behalf of Trustee WILLIAM MILLER*R ecfmail@FredReigleCh13.com,
               ECF_FRPA@Trustee13.com
                                                                                             TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Renard A. Harris | | CHAPTER 13 |
| | Debtor(s) | |
| DITECH FINANCIAL LLC | Movant | |
| vs. | | NO. 18-18000 AMC |
| Renard A. Harris | Debtor(s) | |
| Scott Waterman | Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$413.70,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2019 at $1,172.74/month |
| Suspense Balance: | ($759.04) |
| **Total Post-Petition Arrears** | **$413.70** |

2. The Debtor(s) shall cure said arrearages in the following manner:

    a) By September 30, 2019, Debtor shall make both a payment in the amount of $413.70 plus a regular mortgage payment in the amount of $1,172.74 (or as adjusted pursuant to the terms of the mortgage) in order to bring the account current.

    b) Beginning on October 1, 2019, maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant may file a Praecipe with the court to re-list and schedule a new hearing date for the underlying Motion for Relief from the Automatic Stay.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 3, 2019

/s/Rebecca A. Solarz, Esq.
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 9/3/19

John A. DiGiamberardino, Esq.
Attorney for Debtor(s)

Date:_____

Scott Waterman, Esq.
Chapter 13 Trustee

Approved by the Court this ____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 3, 2019

/s/Rebecca A. Solarz, Esq.
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: _____

John A. DiGiamberardino, Esq.
Attorney for Debtor(s)

Date: 09-4-19

Scott Waterman, Esq.
Chapter 13 Trustee

Approved by the Court this 11th day of September, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan